UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO D. WADE,

           Petitioner,

v.                                                   Case No. 05-CV-74702-DT

SHERRY BURT,

           Respondent.
                                     /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Apollo D. Wade, a state inmate currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus. Petitioner challenges his convictions for armed robbery, carjacking, and possession of a firearm during the commission of a felony. Because the court finds that Petitioner's claims are meritless, the court denies the petition.

**I. BACKGROUND**

Petitioner's convictions arise out of events which occurred on April 8, 2002, in the City of Detroit. The Michigan Court of Appeals summarized the testimony leading to Petitioner's convictions as follows:

> [Maurice] Haggen was driving his 1992 Eldorado and Damon Williams was riding as a passenger. They were en route to Williams' house, when they saw defendant on the sidewalk, and pulled over to the curb to talk. According to Haggen, defendant got into the car, and when they stopped in front of Williams' house, defendant produced a handgun, pointed it at him, and demanded his money. Haggen told defendant that he did not have any money, and started driving away. As they were driving, defendant took $2,200 in cash out of Haggen's pocket, and approximately $13,500 worth of jewelry off of Haggen's person. Haggen stopped the car at an intersection and attempted to escape, but defendant threatened to

shoot him in the leg and to shoot the television set that was mounted in the car. Defendant then fired a shot into the console, and Haggen resumed driving. When Haggen again stopped the car, he and Williams got out and ran away. Defendant fired two more shots, and then got into the driver's seat and drove away. Haggen's car was recovered the following day, stripped and abandoned.

Defendant's theory of the case was that Haggen and Williams drove up to his aunt and uncle's house, where he was standing on the porch, and asked him if he wanted to make some money. Defendant maintained that Haggen and Williams got out of the car, gave him the keys, and offered to pay him $200 if he would strip the car of its parts, so that Haggen could recover on an insurance claim. Defendant maintained that he was accused of carjacking when he failed to give some of the stripped parts back to Haggen for resale.

*People v. Wade*, No. 247208, slip op. at 1 (Mich. Ct. App. June 3, 2004).

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, carjacking, and felony firearm. On January 16, 2003, he was sentenced to fifteen to twenty-five years imprisonment for the armed robbery and carjacking convictions, to be served concurrently to one another and consecutively to two years imprisonment for the felony firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

    I.     Trial counsel's failure to investigate and call witnesses constitutes ineffective assistance of counsel under the Sixth Amendment and requires a new trial where the errors were so substantial that they could have changed the outcome of the trial.

    II.    Appellant's conviction for carjacking must be reversed where insufficient evidence was presented at trial to prove appellant guilty beyond a reasonable doubt.

    III.   Appellant must be granted a new trial because the trial court abused its discretion in ruling that if he took the stand he could be impeached with a prior conviction for receiving and concealing stolen property, a non-theft offense.

shoot him in the leg and to shoot the television set that was mounted in the car. Defendant then fired a shot into the console, and Haggen resumed driving. When Haggen again stopped the car, he and Williams got out and ran away. Defendant fired two more shots, and then got into the driver's seat and drove away. Haggen's car was recovered the following day, stripped and abandoned.

Defendant's theory of the case was that Haggen and Williams drove up to his aunt and uncle's house, where he was standing on the porch, and asked him if he wanted to make some money. Defendant maintained that Haggen and Williams got out of the car, gave him the keys, and offered to pay him $200 if he would strip the car of its parts, so that Haggen could recover on an insurance claim. Defendant maintained that he was accused of carjacking when he failed to give some of the stripped parts back to Haggen for resale.

*People v. Wade*, No. 247208, slip op. at 1 (Mich. Ct. App. June 3, 2004).

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, carjacking, and felony firearm. On January 16, 2003, he was sentenced to fifteen to twenty-five years imprisonment for the armed robbery and carjacking convictions, to be served concurrently to one another and consecutively to two years imprisonment for the felony firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I. Trial counsel's failure to investigate and call witnesses constitutes ineffective assistance of counsel under the Sixth Amendment and requires a new trial where the errors were so substantial that they could have changed the outcome of the trial.

II. Appellant's conviction for carjacking must be reversed where insufficient evidence was presented at trial to prove appellant guilty beyond a reasonable doubt.

III. Appellant must be granted a new trial because the trial court abused its discretion in ruling that if he took the stand he could be impeached with a prior conviction for receiving and concealing stolen property, a non-theft offense.

Petitioner also filed a motion to remand for an evidentiary hearing regarding his ineffective assistance of counsel claim. The Michigan Court of Appeals denied the motion to remand and affirmed Petitioner's convictions. *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Wade*, 690 N.W.2d 117 (Mich. 2004). Petitioner then filed the pending petition for writ of habeas corpus, raising the same claims raised on direct review in state court.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

3

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case."  *Id.* at 409. The Court defined "unreasonable application" as follows:

4

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

In his first habeas claim, Petitioner argues that his attorney was ineffective in failing to locate and call eyewitnesses to testify in his defense. Petitioner states that five people were present with him in front of his aunt's house when Haggen drove up in front of the home and solicited him to commit a crime. He maintains that he informed his attorney of the identity of these witnesses but his attorney was unable to locate them.

The court's review of Petitioner's ineffective assistance of counsel claims is limited to the record before it. Petitioner has not requested an evidentiary hearing in this court, but even if he had filed such a motion, he would not satisfy the standard for an evidentiary hearing.

A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *Williams*, 529 U.S. at 437. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner

5

prescribed by law." *Id.* In this case, Petitioner filed a motion to remand in the Michigan Court of Appeals for an evidentiary hearing on his ineffective assistance of counsel claims. The Michigan Court of Appeals denied the motion because Petitioner failed to file the motion in the trial court as required by Michigan law. In *People v. Ginther*, 212 N.W.2d 922, 925 (Mich. 1973), the Supreme Court of Michigan held that a criminal defendant should move for a new trial and seek to make a separate factual record in the trial court if the trial record does not cover the claims he wishes to raise on appeal. Because Petitioner failed to comply with the applicable state law, his effort to develop the factual record lacked diligence and he is not entitled to an evidentiary hearing on habeas review. *Accord White v. Cason*, No. 04-75071, 2006 WL 763194 *13 (E.D. Mich. March 24, 2006). Therefore, Petitioner is precluded from developing the factual basis of his ineffective assistance claims at this stage of the proceedings, and the court's analysis of the ineffective assistance of counsel claim is limited to the record before it.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. The Supreme Court explained counsel's duty to investigate prior to trial as follows:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91.

Because Petitioner failed to move for a *Ginther* hearing in the trial court, the Michigan Court of Appeals limited its review of Petitioner's ineffective assistance of counsel claim to the appellate record. *Wade*, slip op. at 2. The Michigan Court of Appeals held that Petitioner failed to overcome the presumption that counsel's actions were the result of sound trial strategy and failed to show that he was prejudiced by his attorney's alleged error. *Id.* The state court reasoned that Petitioner provided no information regarding these witnesses' anticipated testimony. Petitioner's affidavit in support of his claim failed to suggest with any specificity how these witnesses would have aided Petitioner's defense. Moreover, during his trial testimony, Petitioner did not mention that any other individuals were present with him when he was approached by Haggen and Williams. Thus, the state court held that Petitioner failed to show that counsel was ineffective.

"[A] petitioner cannot show deficient performance or prejudice resulting from a

7

failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material." *Hutchison v. Bell,* 303 F.3d 720, 748 (6th Cir. 2002) (*citing Austin v. Bell*, 126 F.3d 843, 848 (6th Cir.1997)). Moreover, without proof to the contrary, this court assumes that counsel investigated the possibility of presenting evidence or calling witnesses and determined either that there existed no helpful witnesses or evidence, or that the better strategy was not to present such evidence or witnesses as may have been available. *See Carter v. Mitchell*, 443 F.3d 517, 532 (6th Cir. 2006) (*citing Strickland,* 466 U.S. at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.")). In this case, Petitioner simply names five people whom he alleges were present when Haggen solicited Petitioner. He provides no further information regarding how these people would be considered witnesses to the events he alleged, what they might have seen, or how they might have testified. Further, as noted earlier, Petitioner's own trial testimony did not contain any mention that another person, let alone five others, was present in the area when he was supposedly approached by Haggen. Therefore, considering all of these factors, the court holds that the Michigan Court of Appeals did not unreasonably apply *Strickland* when it concluded that Petitioner's attorney was not ineffective.

### B. Sufficiency of the Evidence

In his second claim for habeas relief, Petitioner argues that the prosecutor presented insufficient evidence to sustain his conviction for carjacking. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of

review for a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Pursuant to 28 U.S.C. § 2254(d)(1), this court must determine whether the state court applied the correct standard and whether that application was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 83 (6th Cir. 1996).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

> In determining whether sufficient evidence has been presented to sustain a conviction, a reviewing court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). The reviewing court is required to draw all reasonable inferences and make credibility determinations in support of the jury verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).
>
> "In order to prove carjacking, the prosecution must prove (1) that the defendant took a motor vehicle from another person, (2) that the defendant did so in the presence of that person, a passenger, or any other person in lawful possession of the motor vehicle, and (3) that the defendant did so either by force or violence, by threat of force or violence, or by putting another in fear." *People v Green*, 228 Mich App 684, 694; 580 NW2d 444 (1998). Defendant argues on appeal that while the evidence arguably supports the prosecutor's contention that he took Haggen's jewelry and cash by force or threat of force, it does not support the assertion that he took Haggen's vehicle by force or threat of force. However, Haggen testified that defendant took his cash and jewelry at gunpoint and threatened to shoot the television in the car and shoot him in

> the leg when he attempted to escape. Defendant then fired a shot into the console, and Haggen resumed driving; when Haggen again stopped the car, he and Williams got out and ran away, while defendant fired two additional shots. As a result of defendant's conduct, Haggen feared for his safety.
>
> Viewing the evidence in a light most favorable to the prosecution, a rational jury could conclude that defendant took Haggen's car while putting him in fear and using force and violence. There was sufficient evidence to sustain defendant's conviction for carjacking, and defendant is not entitled to relief on this basis.

*Wade*, slip op. at 2-3.

The court finds this well-reasoned disposition of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law. The Court of Appeals cited case law which plainly incorporated the *Jackson* standard, and explained and supported its conclusion that a rational trier of fact could have found the petitioner guilty beyond a reasonable doubt of carjacking. Therefore, no relief will be granted on this claim.

### C. Admission of Petitioner's Prior Conviction

Finally, Petitioner argues that the trial court erred in admitting his prior conviction for receiving and concealing stolen property for impeachment purposes. It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Louis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Sixth Circuit has held that "[i]n a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 22, 23 (6th Cir. 1981). "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir.

10

1994), citing *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985).  "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it *may* violate due process and thus warrant habeas relief."  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (emphasis added).

      The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held that the evidence was not properly admitted under Michigan Rule of Evidence 609 because the probative value did not outweigh the potential for prejudice.  However, the state Court held that the error was harmless and therefore declined to reverse the conviction.  *Wade*, slip op. at 4-5.  In reaching this harmless error determination, the state court considered the consistent accounts of the incident given by Haggen and Williams, and the fact the prosecutor questioned Petitioner only briefly about the prior crime, did not refer to the crime by name and did not mention it during closing argument.

      Based upon all of the factors considered by the Michigan Court of Appeals, the weight and nature of the evidence against Petitioner, the relative brevity of the reference to Petitioner's prior conviction, and the absence of any reference to the conviction at any other point in the proceedings, the court finds that the admission of this testimony, even if erroneous under state law, was not so egregious as to deprive Petitioner of his fundamental right to a fair trial.

### IV.  CONCLUSION

      IT IS ORDERED that Petitioner's "Application for Writ of Habeas Corpus" [Dkt. #1] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: February 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2007, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522